IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICK BLACKBURN, et al., )<br>)<br>        Plaintiffs, )<br>)<br>)<br>vs. )<br>)<br>)<br>OAKTREE CAPITAL MANAGEMENT, )<br>LLC, )<br>)<br>        Defendant. ) | CASE NO. 3:05-1058<br>JUDGE CAMPBELL/KNOWLES |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiffs' "Motion to Amend Complaint." Docket No. 22-1. Plaintiffs have filed a supporting Memorandum (Docket No. 23) and a Proposed Amended Complaint (Docket No. 22-2). Defendant has filed a Response in Opposition to the Motion. Docket No. 24-1. The Proposed Amended Complaint essentially seeks to add six (6) new Defendants: (1) Phillip Jones, (2) P J Management LLC, (3) OCM Real Estate Opportunities Fund A, L.P., (4) OCM Real Estate Opportunities Fund B, L.P., (5) Gryphon Domestic VII, LLC, and (6) GC Finance, L.L.C.

In their supporting Memorandum, Plaintiffs state as follows:

> The Complaint currently before this Court alleges that the existing Defendant ("Oaktree") has been in control of a golf club (the "Club"), which it wrongfully charged with over Twenty-Five Million Dollars in debt. It also alleges that Oaktree sold memberships to the Plaintiffs in the Club in a deceptive manner, without informing them of the existing debt, and in violation of Tennessee law. In paragraph 5 of the previously-filed Complaint, the Plaintiffs noted that they might need to amend the Complaint because of a lack of full and complete information:

> Plaintiffs have not had access to all of the documents to which they are entitled and therefore, it may be necessary, after conducting initial discovery, to add additional party Defendants who may be responsible for all or part of the damages suffered by the Plaintiffs. These additional party Defendants may, or may not, be related entities of the Defendant.
>
> In a state court action an affidavit by Scott Chernoff (who is on the Board of Governors of the Governors Golf Club) has alleged that Oaktree is either the investment fund manager or the general partner of OCM Real Estate Opportunities Fund A, LP, OCM Real Estate Opportunities Fund B, L.P., and Gryphon Domestic VII, LLC, (collectively the "Funds"). He also alleged that the Funds invested in GC Finance, L.L.C., which is the owner of the undeveloped residential portion of The Governor's Club. *Plaintiff's additional analysis and additional investigation have disclosed that these persons [sic], together with Phillip Jones and P J Management LLC have acted in concert with Oaktree to inflict the injuries sustained by the Plaintiffs. The persons [sic] sought to be added as additional Defendants acted individually and in concert with Oaktree to facilitate the wrongs alleged in the Complaint, to hide the misconduct, and to participate in the common plan which injured the Plaintiffs.* The Motion to Amend the Complaint is intended primarily to bring those additional parties into this proceeding and to allege the concert of action by which these injuries were perpetuated.

Docket No. 23, p. 1-2 (emphasis added).

Defendant objects to the proposed amendment on two grounds: (1) the proposed amendment should be denied because the claims asserted therein would be futile; and (2) the amendment is an attempt to fraudulently join Tennessee Defendants in order to defeat this Court's diversity jurisdiction.

In support of their argument that the proposed Amended Complaint would be futile, Defendant makes the following arguments: (1) the proposed claims against the "Fund Defendants" based solely on their affiliation to Oaktree are insufficient to survive a Motion to

2

Dismiss; (2) the proposed Amended Complaint does not plead fraud against the additional Defendants with particularity as required by Fed. R. Civ. P. 9(b); (3) the proposed Amended Complaint does not allege the necessary elements to maintain a cause of action against the additional Defendants for negligent misrepresentation, breach of contract or interference of contract; and (4) the alleged cause of action for "concert of action" is futile because Tennessee courts do not recognize such a cause of action. These arguments will be discussed in order below.

First, Defendant alleges that Plaintiffs' sole basis for seeking to add claims against all but two of the additional Defendants is an affidavit of Scott Chernoff, which essentially establishes that these four entities have some corporate affiliation to Defendant Oaktree. It is clear, however, that the Chernoff affidavit is not Plaintiff's sole basis for seeking to add claims against the Fund Defendants. As discussed above, after referring to Mr. Chernoff's affidavit in their supporting Memorandum, Plaintiffs state, "Plaintiffs' additional analysis and additional investigation have disclosed that these persons [referring to the "Funds"], together with Phillip Jones and P J Management LCC have acted in concert with Oaktree to inflict the injuries sustained by the Plaintiffs." Docket No. 23, p. 2.

Moreover, the proposed Amended Complaint does not merely sue the proposed new Defendants on a theory that they are affiliated with Oaktree. Instead, the proposed Amended Complaint alleges in numerous paragraphs that Defendant Oaktree "and its Affiliates and related entities" did or failed to do a number of acts that form the basis of this lawsuit.

Second, Fed. R. Civ. P. 9(b) states:

> **(b) Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake

3

shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

The Court notes, however, that the proposed Amended Complaint sues Defendant not only for "fraud and deceit," but also for violation of the Tennessee Consumer Protection Act, negligent misrepresentation, breach of contract, "concert of action," and interference with contract. The proposed Amended Complaint also seeks a declaratory judgment. Thus, the fact that Plaintiffs may not have pled fraud with particularity as required by Fed. R. Civ. P. 9(b) does not preclude Plaintiffs' assertion of their other causes of action. Additionally, if Plaintiffs indeed have not alleged fraud with particularity, the appropriate remedy is not a denial of their Motion to Amend. Instead, the Motion to Amend should be granted and Plaintiffs can subsequently be required to file a more definite statement with regard to the allegations of fraud.

Third, Defendant argues that Plaintiffs have failed to allege key elements of their claims concerning negligent misrepresentation, breach of contract, and interference with contract claims. That simply is not the case. The proposed Amended Complaint avers in pertinent part as follows:

> Oaktree and its Affiliates and related entities, therefore, became not only the developer of the residential home building sites, but also became empowered pursuant to Paragraph 7.16 of the Bylaws to appoint and control the Board of Governors of the Club. Through the Board of Governors, Oaktree and its Affiliates and related entities has virtual total control of the club. Oaktree and its Affiliates and related entities have operated the Club in such a way as to benefit them at the expense of the Plaintiffs.

Docket No. 22-2, p. 4.

> At all times, agents of Oaktree and its Affiliates and related entities represented to the Plaintiffs that the "Turnover" would be accomplished free and clear of any obligations other than those set forth in the written Bylaws. At no time did Oaktree and its

4

> Affiliates and related entities disclose the secret accounting practices that led to the creation of a twenty-five million dollar debt owed by the Governor's Club. At no time did the Oaktree [*sic*] and its Affiliates and related entities tell the Plaintiffs that this "debt," approximately twenty-five million dollars, prior to the purchase of the Gold Membership, would have to be repaid before the Governor's Club would be turned over to the Plaintiffs.

*Id*., p. 4-5.

> Oaktree and its Affiliates and related entities made numerous oral and written representations concerning "The Good Life" to the purchasers of the Gold Memberships of the Club, including the Plaintiffs, for the purpose of inducing the prospective purchasers to buy the Gold Memberships.

*Id*., p. 5.

> The Club Bylaws constitute a Contract between the Plaintiffs and Oaktree and its Affiliates and related entities.

*Id*.

Moreover, in the sections of the proposed Amended Complaint headed "Fourth Cause of Action of Breach of Contract," and "Seventh Cause of Action Interference with Contract," Plaintiffs make sufficient allegations that all Defendants breached a contract and interfered with a contract. The fact that Plaintiffs do not allege more specific facts than they do is not grounds for denying the Motion to Amend. As discussed above, while Fed. R. Civ. P. 9(b) requires that allegations of fraud be pled specifically, Plaintiffs' burden with regard to their other claims is satisfied by "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Fourth, Defendant argues that Plaintiffs alleged cause of action for "concert of action" is futile because "Tennessee does not recognize an independent cause of action for 'concert of action.'" Docket No. 24-1, p. 7. Plaintiffs cite *Frankenbach v. Rose*, 2004 W.L. 221319, *20

5

(Tenn. Ct. App.) for this proposition. *Id*. While *Frankenbach* does identify "concert of action" as one element of a civil conspiracy, *Frankenbach* does not hold that there is no independent cause of action for "concert of action." In fact, the Tennessee Court of Appeals recognized the "concert of action" theory, apparently as a separate and independent cause of action, in *Bryant v. McCord*, 1999 Tenn. App. LEXIS 26. The *Bryant* Court stated in part as follows:

> Finally, [plaintiff] contends that [Defendant] is subject to liability for her injuries under a concert of action theory. The courts of this state have recognized that "when two or more persons engage in an unlawful act and one of them commits a serious civil injury upon a person not engaged therein, all are equally liable for damages to the injured party." *Huckeby v. Spangler*, 521 S.W.2d 568, 573 (Tenn. 1975). The elements of a claim based on a concert of action theory include as follows:
>
>> For harm resulting to a third person from the tortious conduct of another, one is subject to the liability if he
>>
>>   (a) does a tortious act in concert with the other or pursuant to a common design with him, or
>>
>>   (b) knows that the other's conduct constitutes a breach of duty and gave substantial assistance or encouragement to the other so to conduct himself, or
>>
>>   (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to third person.
>
> *Restatement (Second) of Torts* § 876(c).

1999 Tenn. App. LEXIS at *34-35.

Thus, the courts of Tennessee do recognize a cause of action for "concert of action," and Plaintiffs may raise such a claim.

6

Finally, Defendant argues that at least one of the proposed new Defendants is a "resident" of the State of Tennessee, and that Plaintiffs are attempting to fraudulently join this unidentified Defendant for the sole purpose of destroying this Court's diversity jurisdiction.[1] Defendant relies upon *Jerome-Duncan, Inc., v. Auto-By-TeTel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999), for this proposition. *Jerome-Duncan*, however, involved a situation in which defendant removed a case to federal district court on diversity grounds without being aware that, the day before the removal, plaintiff had filed an Amended Complaint adding a defendant that was not of diverse citizenship from plaintiff. Thus, in the federal district court, plaintiff filed a Motion to Remand, arguing that there was not complete diversity. Defendant responded by arguing that the newly-added defendant had been "fraudulently joined" in the state court, before the case was removed.

In the case at bar, however, Plaintiffs are attempting to add Defendants in this Court, long after this case was removed from state court. Under these circumstances, the doctrine of "fraudulent joinder" is inapplicable. *See Cobb v. Delta Exports, Inc.,* 186 F.3d 675 (5th Cir. 1999). The *Cobb* Court stated in pertinent part as follows:

> The "fraudulent joinder" doctrine is inapplicable here. Under that doctrine, a federal court may assert diversity jurisdiction when a non-diverse defendant has been fraudulently joined – i.e., when "either . . . there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or . . . there has been outright fraud in the plaintiff's pleading of jurisdictional facts." . . .

---

[1] The Court assumes that Defendant is actually arguing that one of the additional Defendants is a "citizen" of the state of Tennessee. The Court's diversity jurisdiction depends upon the citizenship of the parties, not upon the "residence" of the parties, and an allegation concerning a party's residence is not sufficient to establish a party's "citizenship." *See Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973).

7

> The fraudulent joinder doctrine does not apply to joinders that occur after an action is removed. This court's caselaw reflects that the doctrine has permitted courts to ignore (for jurisdictional purposes) only those non-diverse parties on the record in state court at the time of removal.
>
> This makes sense: a request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (i.e., a request fraudulently to join a party) would never be granted. Section 1447(e) authorizes a court to permit or prohibit joinder, and the defendant thus has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff is seeking to join. There is no need, then, for a doctrine that ignores parties who are fraudulently joined after removal, for such parties would never be allowed to become defendants in the first place.
>
> The district court's confusion likely resulted from the fact that the term fraudulent joinder is a bit of a misnomer; in the typical case, the fraudulently "joined" party is not joined later, but instead is named as a defendant in the original state court complaint to avoid removal. The doctrine simply does not apply to defendants who are joined after an action is removed, for in such cases, the defendants have a chance to argue against joinder before the court grants leave to amend.

183 F.3d at 677-78 (citations and footnotes omitted).

The *Cobb* Court's reference to "Section 1447(e)," is a reference to 28 U.S.C. § 1447(e), which provides as follows:

> **(e)** If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to the State court.

As one noted authority has stated:

> This statutory grant of discretion [in §1447(e)] provides no standards to guide the federal courts in exercising their discretion . . . .

8

> If the non-diverse party sought to be joined is deemed
> indispensable, however, the court lacks discretion and must permit
> joinder and then remand the action.
>
> In most instances, courts will likely exercise their discretion to
> allow joinder and order remand. First, an order denying post-
> removal joinder is unlikely unless there has been undue delay on
> the part of the plaintiff, because the plaintiff has been forced into
> federal court by removal. Second, a joinder and remand conserves
> federal court resources and is immune from appeal.
>
> . . .
>
> The court should also consider the following factors in determining
> whether to permit joinder:
>
> • The plaintiff's motive for seeking joinder of a non-diverse defendant.
>
> • Whether a delay in seeking joinder is unexplained or unjustifiable.
>
> • Whether the statute of limitations would bar an action against the new defendant in state court if joinder is denied.
>
> • The strength of the claim.
>
> • Whether the plaintiff will be significantly injured if the amendment is disallowed.
>
> • Any other factor bearing on the equities.

**Moore's Federal Practice 3d** § 107.41[2][d][i][A] and [B], p. 107-220 to 107-221.

Additionally, the undersigned believes that the Court must consider the "liberal amendment" standard of Fed. R. Civ. P. 15(a).

As discussed above, Plaintiffs recognized in their previously-filed Complaint that they might need to amend the Complaint because a lack of full and complete information. They allege that they learned of certain facts in an affidavit by Scott Chernoff, filed in a state court action. Plaintiffs also aver that additional analysis and additional investigation have essentially

9

disclosed that Plaintiffs have legitimate causes of action against the additional Defendants.

Under these circumstances, this Court should exercise its discretion to allow Plaintiffs to amend their Complaint to add the additional Defendants. If it is shown that the addition of any of the Defendants destroys this Court's diversity jurisdiction, this action should be remanded to state court.[2]

For the foregoing reasons, Plaintiffs' "Motion to Amend Complaint" (Docket No. 22-1), should be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

E. Clifton Knowles
United States Magistrate Judge

---

[2] At this point, Defendants have provided no facts to support their claim that one of the proposed additional Defendants is a citizen of Tennessee.