IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICK BLACKBURN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 3:05-1058 |
| ) | JUDGE CAMPBELL/KNOWLES |
| ) | |
| OAKTREE CAPITAL MANAGEMENT ) | JURY DEMAND |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On September 14, 2006, the undersigned entered an Order noting that Plaintiffs' Motion to Amend their Complaint had been granted (Docket Nos. 22, 27, 32), and that Plaintiffs' Amended Complaint (Docket No. 33) added six new Defendants. Docket No. 37. That Order also noted that Defendant Oaktree Capital Management, LLC ("Oaktree") had previously argued that the Motion to Amend should be denied, because at least one of the proposed new Defendants is a citizen of the state of Tennessee. *Id.* Therefore, the Court ordered Defendant Oaktree to file a statement with the Court explaining which Defendant is a citizen of the state of Tennessee and providing appropriate facts to support that explanation. *Id.*

On September 26, 2006, Oaktree submitted a "Statement of Facts Regarding Citizenship." Docket No. 38. That Statement establishes that Defendant Philip Jones is a citizen of Williamson County, Tennessee. The Statement further establishes that Philip Jones is the sole member of Defendant PJ Management, LLC. Thus, PJ Management, LLC is a citizen of the state of Tennessee. *See Homfeld II, L.L.C., v. Comair Holdings, Inc.,* 2002 U.S. App. LEXIS

24625 at *4 (6th Cir.). *See also Handlesman v. Bedford Village Associates Limited Partnership*, 213 F.3d 48 (2nd Cir. 2000).

Defendant Oaktree, which at the time was the sole Defendant in this action, removed this case to this Court pursuant to 28 U.S.C. §§ 1332 and 1446(b). Thus, the only basis of this Court's jurisdiction is diversity of citizenship. Docket No. 1-1.

The Amended Complaint avers that all Plaintiffs are "residents" of Tennessee. With the addition of Defendants Philip Jones and PJ Management, LLC, who are citizens of Tennessee, the Court no longer has subject matter jurisdiction of this action.

For the foregoing reasons, the undersigned recommends that this action be remanded to the Circuit Court for Williamson County, Tennessee.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---
E. Clifton Knowles
United States Magistrate Judge